## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DANA SYLVESTER WHITLEY                     *

Petitioner                                            *

v                                                             *            Civil Action No. GJH-18-2188

R. GRAHAM, JR., *Warden*, and           *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND                          *

Respondents                                         *
***

## <u>MEMORANDUM OPINION</u>

Respondents have filed a Limited Answer seeking dismissal of Dana Sylvester Whitley's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 as untimely filed. (ECF No. 4). Whitley filed a Reply (ECF 8), and subsequently filed a Motion for Summary Judgment (ECF No. 10). After reviewing the submissions, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6; Rule 8, Rules Governing Section 2254 Proceedings in the United States District Courts; *see Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (habeas petitioner not entitled to a hearing). For the reasons set forth below, the Petition will be denied and dismissed as untimely and the Motion for Summary Judgment will be denied. A certificate of appealability shall not issue.

## BACKGROUND

Whitley was convicted by a jury in the Circuit Court for Baltimore County on two counts of second-degree attempted murder. On September 25, 1998, he was sentenced to two consecutive term of twenty years of imprisonment. Petition, ECF No. 1 at 1. *State v. Dana Whitley*, Case No. 03-K-98-001010 (Balt. Cty. filed March 16, 1998).

Whitley's judgment of conviction was affirmed on appeal. *Dana Whitley v. State of Maryland,* No. 1427, Sept. Term 1998, slip op. at 17 (Md. Ct. Spec. App., Mar. 21, 2000). ECF No. 4-1 at 22-39. The Court of Appeals of Maryland denied his petition for certiorari. *Dana Whitley v. State of Maryland*, 359 Md. 335 (June 27, 2000) (table) ECF No. 1-1 at 40. Whitley sought no further review in the Supreme Court of the United States. ECF 1 at 3.

Beginning in 2003, Whitley filed various challenges to his conviction in state court, including: (1) a petition in 2003 for postconviction relief (ECF No. 4-1 at 10); (2) motions in 2006 for a new trial (*Id.* at 15-16); (3) motions in 2006 for modification of sentence (*Id.*); (4) a motion in 2011 to reopen post-conviction proceedings (*Id.* at 16); (5) a motion in 2013 to correct an illegal sentence (*Id.* at 16); (6) a motion in 2014 to reopen post-conviction proceedings (*Id.* at 17); (7) two motions in 2015 to correct an illegal sentence (*Id.* at 17-18); and (8) a motion in 2016 to correct an illegal sentence. (*Id.* at 19).

On July 16, 2018, Whitley filed this pro se petition for federal habeas corpus relief, which is signed and dated on July 5, 2018, and the Court shall consider it filed on the earlier date. ECF No. 1 at 16. *See* Rules Governing Section 2254 Proceedings in the United States District Courts, Rule 3(d) (mandating prison-mail box rule); *Houston v. Lack,* 487 U.S. 266 (1988). In the Petition, Whitley contends that the state courts should have merged his two convictions for attempted second-degree murder under principles of lenity. ECF No. 1 at 5, ECF No. 1-1. He argues the failure to merge his sentences violated his right against cruel and unusual punishment under the Eighth Amendment. ECF 1-1 at 1.

**DISCUSSION**

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court.  *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi,* 562 U.S. 545, 549 (2011).  The one-year limitation period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The one-year period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date. *See id.* § 2244(d)(1)(A)–(D).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* 2244(d)(2).

The one-year period is tolled statutorily while properly filed post-conviction proceedings or other collateral review are pending. *See* 28 U.S.C. § 2244(d)(2); *see also Wall*, 562 U.S. at 549; *Holland v. Florida,* 560 U.S. 631, 650–51 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).  Further, the statute of limitations may be subject to equitable tolling under

3

"extraordinary circumstances." *Holland*, 560 U.S. at 634. To be entitled to equitable tolling, a petitioner must establish either that some wrongful conduct by respondent contributed to his delay in filing or that circumstances beyond his control caused the delay. *See Harris*, 209 F.3d at 330. Equitable tolling is available in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris,* 209 F.3d at 330). Thus, a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland,* 560 U.S. at 649 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

For the purpose of assessing the date when the one-year limitations period started to run under these facts, the operative date is the day Whitley's judgment became final. 28 U.S.C. 2244(d)(1)(A). Whitley's judgment of conviction became final on September 25, 2000, when the time to file a certiorari petition in the Supreme Court of the United States expired. Sup. Ct. Rule 13.1 (providing certiorari petition is to be filed within 90 days of the date of the challenged judgment). The limitations period was triggered on September 25, 2000 and it expired one year later on September 25, 2001.  During that time Whitley had no "properly filed application for State post-conviction or other collateral review" to statutorily toll the limitations period. 28 U.S.C. §2244(d)(2). Whitley's first state postconviction petition was not filed until January 8, 2003. ECF No. 4-1 at 10.  By that time, the one-year limitations period had elapsed. *See, e.g., Smith v. McGinnis*, 208 F.3d 13, 16–17 & n.2 (2d Cir. 2000) (explaining that a state collateral proceeding commenced after the one-year limitations period has already expired does not "reset" the start of the limitations period).  When Whitley filed this §2254 petition, more than 16 years had passed since the expiration of the September 25, 2001 deadline.

4

Whitley's Petition, Reply, and Motion for Summary Judgment all suggest that he misunderstands how the one-year period is calculated. Whitley accurately notes that on January 18, 2017, the Circuit Court for Baltimore County denied his Motion to Correct Illegal Sentence and on January 18, 2017, the Court of Special Appeals affirmed the Circuit Court's decision. ECF No. 10-1, ECF No. 1-1; ECF No. 7. On July 16, 2018, he filed a petition for certiorari. ECF No. 7; ECF 4-1 at 16. The one-year limitations period had expired in 2001, the Motion to Correct Illegal Sentence and subsequent filings in state court did not revive the limitations period which had expired long before the state court motion was filed. *See e.g. Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); *see also Brown v. Langley*, 348 F. Supp. 2d 533, 536 (M.D.N.C. 2004) (holding that "subsequent motions or petitions cannot revive a period of limitation that has already run"). Moreover, the one-year limitations had long expired by the time he filed his federal habeas petition.

Further, he alleges no facts to warrant equitable tolling. Whitley does not allege Respondents prevented him from filing a timely § 2254 petition in federal court, and fails to demonstrate "extraordinary circumstances" beyond his control that prevented him from complying with the statutory time limit. Accordingly, the Petition will be denied and dismissed as time-barred. Whitley, as the moving party fails to show there is a genuine dispute as to any material fact in regard to the timeliness of the petition or that he is entitled to judgment in his favor as a matter of law for summary judgment to be entered in his favor. Fed. R. Civ. P. 56(a). Whitley's Motion for Summary Judgment will be denied.

## CERTIFICATE OF APPEALABILITY

A district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Rule 11(a), Rules Governing Section 2254

Proceedings in the United States District Courts. Because the accompanying Order is a final order adverse to the applicant, Whitley must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). Where, as is the case here, a petition is denied on procedural grounds, a petitioner satisfies the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  A litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not "deserve encouragement to proceed further." Buck v. Davis, 137 S. Ct. 759, 777 (2017). Because Whitley has not made the requisite showing, the Court will decline to issue a certificate of appealability. Whitley may request a certificate from the United States Court of Appeals for the Fourth Circuit. *See* Fed.R.App.P. 22(b); *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Whitley's Motion for Summary Judgment will be denied. The Petition is denied and dismissed as time-barred. The Court declines to issue a certificate of appealability.  A separate Order follows.


May 6, 2020                               /s/_____
Date                                      GEORGE J. HAZEL
                                          United States District Judge